**DUANE MORRIS LLP**
Patrick J. Loftus (60417)
A.J. Rudowitz (324201)
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: +1 215 979 1000
Fax: +1 215 979 1020
*Attorneys for Movant SAP America, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SAP AMERICA, INC., | |
| Movant, | |
| v. | MISCELLANEOUS ACTION CASE NO. _19-205_ |
| INSIGHT DIRECT USA, INC., and | |
| GORILLA, INC., | |
| Respondents. | |

## NON-PARTY SAP AMERICA, INC.'S MOTION TO
## QUASH SUBPOENAS AND SUBPOENA ORDER

Non-party SAP America, Inc. ("SAP"), by and through undersigned counsel, hereby

moves the Court pursuant to Fed. R. Civ. P. 26 and 45 to quash the Subpoenas *Duces Tecum*

jointly issued by parties to an arbitration, Insight Direct USA, Inc. ("Insight") and Gorilla, Inc.

("Gorilla") (collectively, the "Arbitration Parties"), served on SAP on July 26, 2019 and August

1, 2019 (the "Subpoenas"), as well as the September 23, 2019 Subpoena Order Setting Hearing

issued by the arbitrator in the underlying arbitration (the "Subpoena Order"). Additionally, in

the event the Court does not grant SAP's Motion to Quash entirely, SAP respectfully requests an

Order substantially modifying and narrowing the Subpoena, and further requiring the Arbitration

DEC 16 2019

Parties to bear the expense and cost of compliance.  Further, SAP requests an Order requiring the Arbitration Parties to pay the reasonable attorneys' fees in filing this motion, pursuant to Federal Rule of Civil Procedure 45, for a failure to take reasonable steps to avoid imposing undue burden or expense on SAP.

Filed contemporaneously with this Motion is a Memorandum of Law in Support of this Motion, containing non-party SAP's arguments to quash the Subpoenas and Subpoena Order and for its reasonable attorneys' fees, as well as the accompanying exhibits.

December 16, 2019                                      Respectfully submitted,

                                                      DUANE MORRIS LLP

                                                      Patrick J. Loftus (60417)
                                                      A.J. Rudowitz (324201)
                                                      30 South 17th Street
                                                      Philadelphia, PA  19103-4196
                                                      Telephone: +1 215 979 1000
                                                      Fax: +1 215 979 1020
                                                      *Attorneys for Movant SAP America, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAP AMERICA, INC.,

            Movant,

       v.

INSIGHT DIRECT USA, INC., and

GORILLA, INC.,

            Respondents.

MISCELLANEOUS ACTION
CASE NO. _____ ____ _____

## [PROPOSED] ORDER GRANTING NON-PARTY SAP AMERICA, INC.'S MOTION TO QUASH SUBPOENAS AND SUBPOENA ORDER

Upon consideration of Movant SAP's Motion to Quash the Subpoena purportedly served

on him (the "Subpoena") by Respondents Gorilla, Inc. ("Gorilla") and Insight Direct USA, Inc.

("Insight"), the memorandum of law in support thereof, any responses thereto, and any replies in

further support thereof, IT IS HEREBY ORDERED THAT:

1. Movant SAP's Motion to Quash the Subpoena is GRANTED; and

2. Respondent Gorilla shall pay to Movant SAP its reasonable attorneys' fees and costs

    in preparing its Motion to Quash the Subpoena and any replies in support thereof.

**IT IS SO ORDERED**.

Dated: _____

                                  _____ ____ _____

                                  United States District Court Judge

DEC 16 2019

PD

**DUANE MORRIS LLP**
Patrick J. Loftus (60417)
A.J. Rudowitz (324201)
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: +1 215 979 1000
Fax: +1 215 979 1020
*Attorneys for Movant SAP America, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAP AMERICA, INC.,<br><br>              Movant,<br><br>         v.<br><br>INSIGHT DIRECT USA, INC., and<br><br>GORILLA, INC.,<br><br>              Respondents. | MISCELLANEOUS ACTION<br>CASE NO. ___19 mc 205___ |

## NON-PARTY SAP AMERICA, INC.'S MEMORANDUM OF LAW IN SUPPORT ITS
## MOTION TO QUASH SUBPOENAS AND SUBPOENA ORDER

Non-party SAP America, Inc. ("SAP"), by and through undersigned counsel, hereby

submits this Motion to Quash the Subpoenas *Duces Tecum* jointly issued by parties to an

arbitration, Insight Direct USA, Inc. ("Insight") and Gorilla, Inc. ("Gorilla") (collectively, the

"Arbitration Parties"), served on SAP on July 26, 2019 and August 1, 2019 (the "Subpoenas"),

as well as the September 23, 2019 Subpoena Order Setting Hearing issued by the arbitrator in the

underlying arbitration (the "Subpoena Order").[1]  Additionally, in the event the Court does not

---

[1] The Subpoenas and Subpoena Order are issued out of an American Arbitration Association
("AAA") arbitration in the matter of *Insight Direct USA, Inc. v. Gorilla, Inc.*, Case No. 01-18-

grant SAP's Motion to Quash entirely, SAP respectfully requests an Order substantially

modifying and narrowing the Subpoena, and further requiring the Arbitration Parties to bear the

expense and cost of compliance. Further, SAP requests an Order requiring the Arbitration

Parties to pay the reasonable attorneys' fees in filing this motion, pursuant to Federal Rule of

Civil Procedure 45, for a failure to take reasonable steps to avoid imposing undue burden or

expense on SAP.

## I.    PARTIES AND JURISDICTION

Movant SAP America, Inc. is a Delaware corporation with a principal place of business

at 3999 West Chester Pike, Newtown Square, PA  19073, and is therefore a resident of Delaware

and Pennsylvania for diversity jurisdiction purposes.

Respondent Gorilla, Inc. is an Illinois limited liability company with a principal place of

business at 111 West Jackson Blvd. Suite 300, Chicago, IL 60604, and is therefore a resident of

Illinois.

Upon information and belief, Respondent Insight Direct USA, Inc. is an Arizona

corporation with a principal place of business at 6820 S. Harl Ave., Tempe, AZ 85283, and is

therefore a resident of Arizona.

The amount in controversy here exceeds $75,000.00 because the costs of compliance

with the Subpoenas and Subpoena Order will cause damages to SAP in an amount greater than

$75,000.

Accordingly, because diversity of citizenship is established and the amount in

controversy exceeds $75,000, this Court has subject-matter jurisdiction over this action pursuant

0004-2330.  A copy of the Subpoenas is attached hereto as Exhibit A (July 26, 2019) and Exhibit
B (August 1, 2019), and a copy of the Subpoena Order is attached hereto as Exhibit C.

to 28 U.S.C. § 1332. In addition, because the Arbitration Parties are attempting to force SAP to comply with its Subpoenas and Subpoena Order in this district, this Court has personal jurisdiction over each of the parties hereto. Federal Rule of Civil Procedure 45 provides that a party must file a motion to quash with "the court for the district where compliance is required."

## II.    BACKGROUND INFORMATION

This ancillary action stems from a non-party subpoena issued from a AAA Arbitration in connection with a dispute between the Arbitration Parties (the "Arbitration Action"). Specifically, the Arbitration Parties have an ongoing dispute as to what SAP can only surmise pertains to their alleged performances of their respective contractual obligations. The Arbitration Parties have not provided SAP with the pleadings in the Arbitration Action for SAP to fully understand the underlying issues.

On July 26, 2019, SAP was served with the first subpoena by the Arbitration Parties, containing nine document requests. On August 1, 2019, SAP was served with the second subpoena by the Arbitration Parties, containing eight document requests. On August 7, 2019, SAP sent to the Arbitration Parties timely objections to the Subpoenas on July 26, 2019 and August 1, 2019, explaining to the Arbitration Parties that the Subpoenas were and are unenforceable and defective. A true and correct copy of the August 7, 2019 letter from SAP's counsel to the Arbitration Parties' counsel is attached hereto as Exhibit D. Counsel for non-party SAP then attempted to amicably resolve the unenforceable Subpoena with counsel for the Arbitration Parties without the need for Court intervention. Instead, counsel for the Arbitration Parties continued to harass SAP employees with additional subpoenas for deposition testimony, and then moved the arbitrator (without providing notice to or an opportunity for a response to SAP) for the Subpoena Order, which the arbitrator issued on September 23, 2019.

SAP has continued to attempt to resolve the Subpoena with counsel for the Arbitration Parties without the need for Court intervention, and the Arbitration Parties agreed to extend SAP's deadline for compliance with the subpoena, or to file a motion to quash, until December 16, 2019.  In an effort to reach a reasonable compromise, SAP once again agreed to produce documents to the limited set of three document requests first proposed by counsel for Gorilla. See Exhibit E attached hereto for a true and correct copy of SAP's proposal to the Arbitration Parties; *see* Exhibit F attached hereto for a true and correct copy of Gorilla's first proposal, to which SAP agreed.  Counsel for Gorilla did not accept SAP's offer; instead, counsel for Gorilla reneged its initial offer and insisted that SAP produce documents responsive to two additional requests, which are well outside the scope of the Subpoenas and the Subpoena Order.

Accordingly, and regrettably, despite continued affirmations by SAP that the Subpoenas and Subpoena Order are improper, and SAP's reasonable offer to produce documents responsive to the limited requests proposed by the Arbitration Parties, the Arbitration Parties have refused to withdraw its Subpoenas or to accept SAP's offer, and non-party SAP was then forced to file this Motion to Quash.

## III.    SUMMARY OF ARGUMENT

In short, SAP respectfully requests that this Court grant its Motion to Quash the Subpoenas and Subpoena Order, based on the following reasons:

1.    The Subpoenas and Subpoena Order are outside the scope of the arbitrator's authority because they seek to force a non-party to produce documents in a private arbitration;

2.    the Subpoena is unduly burdensome and provides an unlimited temporal scope;

3.    the Subpoenas and Subpoena Order seek irrelevant and duplicative production of documents that are already in the possession of the Arbitration Parties-–making it unduly burdensome to require SAP

4

to attempt to produce the same information in its capacity as a non-party;

4.     the Subpoenas and Subpoena Order are improper because they do not provide sufficient time for compliance; and

5.     the Subpoenas do not provide any protection for confidential business records, and the Arbitration Parties have not provided SAP with any protective order in the private arbitration.

For all of the foregoing reasons (any one of which would independently justify granting the Motion), SAP respectfully requests the Court grant the Motion in its entirety and issue a protective order accordingly.

Moreover, because the Arbitration Parties have not taken all reasonable steps to reduce the burden on non-party SAP as required by Federal Rule of Civil Procedure 45, the Court should impose an appropriate sanction. Federal Rule of Civil Procedure 45 requires:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party who fails to comply.

Fed. R. Civ. P. 45(d)(1). Because the Arbitration Parties have taken no steps to reduce the burden or expense on SAP, this Court should require the Arbitration Parties to pay to SAP its reasonable attorney's fees in filing this Motion. In fact, more than half of the document requests (5 of the 9 requests) in the Subpoena seek documents that necessarily would be in the possession of Insight or Gorilla. *See* Exhibit A. As such, the current Subpoena seeks "any and all documents" that would be largely, if not completely, duplicative of information the Arbitration Parties already possess. The Arbitration Parties' document requests to SAP represents a significant burden (the Subpoenas and Subpoena Order have no time cut off) for little-to-no benefit given the extensive information the Arbitration Parties already possess. Moreover, the

5

Arbitration Parties have made no showing that the requested documents from SAP cannot be obtained through other means.

Alternatively, at a *minimum*, the Court should modify and narrow the Subpoena, and require the Arbitration Parties to compensate SAP for the reasonable expenses in complying with the Subpoenas and Subpoena Order.

The Arbitration Parties are not entitled to impose an undue burden and expense on non-party SAP, in a private arbitration, by seeking unduly burdensome, duplicative, harassing, and irrelevant discovery that the Arbitration Parties themselves possess.

## IV.    ARGUMENT

### A.    Legal Standard

"[T]he FAA provides that arbitration subpoenas shall be served in the same manner as subpoenas to appear and testify before the court[.] Rule 45 governs the issuance and service of subpoenas in federal district court. Thus, under the FAA, Rule 45 also governs the service of arbitration subpoenas." *Legion Ins. Co. v. John Hancock Mut. Life Ins. Co*., 33 F. App'x 26, 27 (3d Cir. 2002) (internal citations and quotation marks omitted). Federal Rule of Civil Procedure 45 provides that, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena . . . ." Fed. R. Civ. P. 45(d)(3) (emphasis added). "With regard to a subpoena issued to a third party, the third party may seek protection from the subpoena under the provisions of Rules 26 and 45." *Avago Techs. U.S., Inc. v. IPtronics Inc.*, 309 F.R.D. 294, 296 (E.D. Pa. 2015).

Rule 45, which controls subpoenas issued to non-parties, provides:

(A) When Required. On timely motion, the court for the district where compliance is required **must** quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

6

> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) **subjects a person to undue burden**.

*Avago Techs. U.S., Inc. v. IPtronics Inc.*, 309 F.R.D. 294, 296 (E.D. Pa. 2015) (quoting Fed. R.

Evid. P. 45) (emphasis added). "The 'undue burden' category 'encompasses situations where the

subpoena seeks information irrelevant to the case or that would require a non-party to incur

excessive expenditure of time or money.'" *Id.* (quoting *Cook v. Howard*, 484 F. App'x 805, 812

n.7 (4th Cir. 2012) (per curiam)).

Pursuant to Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter

that is relevant to any party's claim or defense and proportional to the needs of the case." Fed.

R. Civ. P. 26(b)(1). However, the right to discovery, even plainly relevant discovery, is not

limitless. According to Rule 26(b)(1), all discovery is subject to the limitations imposed by Rule

26(b)(2)(C), which in turn provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

7

Rule 45(d)(1) requires the party responsible for issuing and serving the subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The court for the district where compliance is required *must* enforce this duty and impose an appropriate sanction, which may include "reasonable attorney's fees," on a party or attorney who fails to comply. *Id.*

In determining the permitted scope of discovery, the court may consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Additionally, Rule 26 permits a court, "for good cause, [to] issue [a protective] order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* at 26(c)(1).

B.      The Court Should Quash the Subpoenas and Subpoena Order Because the Arbitrator Lacks Authority to Compel a Non-Party to Comply with a Subpoena.

The Third Circuit has held that "[n]owhere does the FAA grant an arbitrator the authority to order non-parties to appear at depositions, or the authority to demand that non-parties provide the litigating parties with documents during pre-hearing discovery." *Hay Grp., Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 409-10 (3d Cir. 2004); *see also In re Nat'l Fin. Partners Corp.*, No. 09-mc-00027-JF, 2009 U.S. Dist. LEXIS 34440, at *1-2 (E.D. Pa. Apr. 21, 2009). Although it is true that the Third Circuit has also held that if a subpoenaing party "wants to access the documents, the [arbitration] panel must subpoena [the non-party] to appear before it and bring the documents with them," the Subpoenas do not provide for such a procedure. *Hay Grp.*, 360 F.3d at 409-10. SAP sent a letter to the Arbitration Parties on August 7, 2019 (see Exhibit D), explaining the unenforceability of the Subpoenas because of the failure to require a hearing, and

8

the Arbitration Parties did not disagree or object to this assertion.  Because the Subpoenas did

not provide for a hearing before the arbitrator, they are unenforceable on their face and should be

quashed.

In an attempt to cure the unenforceability of the Subpoenas, the Arbitration Parties have

apparently moved the arbitrator (without providing SAP with an opportunity to respond) to issue

a Subpoena Order requiring SAP to appear and produce documents at a hearing in Philadelphia,

PA in front of the arbitrator.  *See* Exh. __.  The Arbitration Parties have not confirmed whether

the arbitrator actually intended to fly to Philadelphia to hold the hearing, and, accordingly, the

failure of the arbitrator to physically appear at the "hearing" would have been fatal to the

Subpoena Order as well.  To the extent the Arbitrator intends to travel to Philadelphia for a

discovery hearing, the Subpoena Order should nevertheless be quashed, because the Arbitration

Parties decided to enter into a private arbitration.  Courts have held that if a party wanted to have

the option of non-party discovery, "it should not have agreed to arbitration."  *Ware v. C.D.

Peacock, Inc.*, No. 10 C 2587, 2010 U.S. Dist. LEXIS 44737, at *11 (N.D. Ill. May 7, 2010)

(granting non-parties' motion to quash because "[If the party] wanted to have the option of third-

party depositions, it should not have agreed to arbitration").  Accordingly, the Arbitration Parties

do not have the right to subpoena non-party SAP to produce documents, and the Subpoenas and

Subpoena Order should be quashed.

      C.      The Court Should Grant SAP's Motion to Quash Because the Arbitration Parties'
              Document Requests Impose an Undue Burden on Non-Party SAP, and are
              Duplicative, Cumulative and Contain No Date Delimitation.

To the extent the Subpoenas and/or Subpoena Order are not quashed as being

unenforceable, the Subpoenas and Subpoena Order should be quashed as unduly burdensome.

First, complying with the Subpoenas or Subpoena Order will subject non-party SAP to a

substantial burden.  As stated above, the Subpoenas contain eight and nine document requests,

9

respectively.  The document requests would likely require SAP to produce hundreds or thousands of documents.  Not only do the majority of the Subpoenas' requests require SAP to produce "Any and all documents and communications," but the Subpoenas also request that SAP provide the Arbitration Parties with confidential business information without a protective order. Further, the Subpoena would require non-party SAP to search for and produce all responsive documents that were created since the beginning of time.

Second, because the Arbitration Parties agreed between themselves to enter into a private arbitration, SAP has no access to the pleadings and thus cannot even begin to determine the relevance (if any) of the document requests.  To require a non-party to produce documents in a private arbitration essentially removes the argument of irrelevance and allows competitors to gain confidential business information without an essential limitation to discovery as set forth in Federal Rules of Civil Procedure 26 and 45.

Finally, the Arbitration Parties' Subpoenas and the Subpoena Order improperly seek duplicative and cumulative documents from non-party SAP.  "The court 'must limit the . . . extent of discovery' where it is duplicative, where it can be obtained from another source that is 'more convenient, less burdensome, or less expensive,' where the party seeking discovery has had ample opportunity to obtain the discovery, or where the burden or expense outweighs any perceived benefit of the discovery." *Avago Techs U.S., Inc. v. IPtronics Inc.*, 309 F.R.D. 294, 296 (E.D. Pa. 2015).  "This is particularly so in a situation involving discovery sought from a non-party.  Broader restrictions may be necessary to prevent a non-party from suffering harassment or inconvenience."  *Id.*  Courts in the Third Circuit have issued protective orders on behalf of non-parties where subpoena requests "contain no date delimitations" and where "several demands request the production of information that Defendants have in their

10

possession." *See Fiorentino v. Cabot Oil & Gas Corp.*, No. 3:09-CV-2284, 2011 U.S. Dist.

LEXIS 119292, at *10 (M.D. Pa. Oct. 14, 2011) (citing *Duffy v. Kent Cty. Levy Court*, 800 F.

Supp. 2d 624, 630-31 (D. Del. 2011)).

    Here, the Arbitration Parties seek documents from non-party SAP that can be obtained

from another source that is "more convenient, less burdensome, or less expensive" – namely, ***the***

***parties themselves***.  For example, each of the following document requests are firmly in the

possession of one or both of the Arbitration Parties:

- Any and all contracts between SAP and Insight, including but not limited to: service(s) agreements, statement(s) of work and/or change orders related to the Insight's implementation of SAP Hybris;

- Any and all contracts between SAP ES and Insight, including but not limited to: service(s) agreements, statement(s) of work and/or change orders related to the Insight's implementation of SAP Hybris;

- Any and all documents or communications reflecting or relating to any recommendations by SAP to either Insight or Gorilla relating to the Insight's implementation of SAP Hybris;

- Any and all documents or communications reflecting or relating to any recommendations by SAP ES to either Insight or Gorilla relating to the Insight's implementation of SAP Hybris; and

- Documents sufficient to show the training materials for Insight users of the SAP Hybris PCM software.

Documents responsive to these requests are within the possession of the Arbitration Parties, and

there is no reason why a non-party, SAP, should be required to take on the burden and expense

of searching for, reviewing and producing documents responsive to these requests, or any of the

other requests.  Rather than conduct its own search for documents relevant to the Subpoenas'

requests, the Arbitration Parties are attempting to require non-party SAP to conduct a search for

them.  Moreover, the Subpoenas and Subpoena Order contain no date delimitation whatsoever,

causing additional undue burden and expense upon non-party SAP.

SAP, a non-party to the private arbitration, deserves additional protection from the harassment and inconvenient caused by the Subpoenas and Subpoena Order. Any "perceived benefit" of the documents requested by the Arbitration Parties is clearly outweighed by the burden and/or expense that would be incurred by non-party SAP. The document requests are limitless in time, and each request asks for "[a]ny and all documents [or contracts]." Accordingly, the Subpoena subjects non-party SAP to an undue burden and the Court should grant SAP's motion to quash the Subpoena.

D.      The Court Should Grant SAP's Motion to Quash Because the Subpoena Order is Impermissibly Vague.

Courts have held that a subpoena should be quashed if it is "overly vague." *See United States v. Massimino*, 368 F. Supp. 3d 852, 855 (E.D. Pa. 2019) (holding that the "civil rule for quashing a subpoena is similar to the criminal rule" and that vagueness of a subpoena goes toward the undue burden on a non-party). Here, the Subpoena Order requires SAP to "produce the documents requested in Exhibit A of the July 24, 2019 Subpoena to SAP." *See* Exh. ___. Both the Subpoena served on July 26, 2019 and the Subpoena served on August 1, 2019, are dated July 24, 2019. However, the Subpoenas contain different document requests in their respective Exhibit A's. *Compare* Exh. A *with* Exh. B. One Subpoena contains eight (8) document requests while the other Subpoena contains nine (9) document requests. SAP cannot determine to which "July 24, 2019 Subpoena" the Subpoena Order is referring, or to which "July 24, 2019 Subpoena" SAP must respond. Accordingly, the Subpoena Order is impermissibly vague, causing undue burden on non-party SAP, and must be quashed.

E.      The Court Should Grant SAP's Motion to Quash Because the Subpoenas and the Subpoena Order Do Not Provide a Reasonable Time for Compliance.

The Subpoenas and the Subpoena Order do not provide SAP with a reasonable amount of time to comply. Rule 45 of the Federal Rules of Civil Procedure states that a court "must quash

12

or modify a subpoena that . . . fails to allow a reasonable time to comply." Fed.R.Civ.P.

45(c)(3)(A)(i). "Although Rule 45 does not define 'reasonable time,' many courts have found

**fourteen days from the date of service as presumptively reasonable**." *Grant Heilman*

*Photography, Inc. v. John Wiley & Sons, Inc.*, Civ. No. 11-cv-1665, 2011 U.S. Dist. LEXIS

128339, at \*27 (E.D. Pa. Nov. 7, 2011) (emphasis added); *see also Verisign, Inc. v. XYZ.com,*

*LLC*, No. 15-mc-175-RGA-MPT, 2015 U.S. Dist. LEXIS 162772, at \*7 (D. Del. Dec. 4, 2015)

("several courts have concluded fourteen days from the date of service as presumptively

reasonable").

Here, the Subpoena served on SAP on July 26, 2019, required compliance by August 7,

2019 – providing only twelve (12) days to comply. The Subpoena served on SAP on August 1,

2019, also required compliance by August 7, 2019 -- providing only six (6) days to comply. In

addition to the unenforceability of the Subpoenas, and the myriad other issues with the

Subpoenas, both Subpoenas "fail[] to allow a reasonable time to comply" and must be quashed.

With regards to the Subpoena Order entered on September 23, 2019, it required compliance with

the Subpoena requests, and attendance at a hearing, by October 4, 2019 – providing only eleven

(11) days to comply. Accordingly, the Subpoena Order also "fails to allow a reasonable time to

comply," and must be quashed.

F.     The Court Should Enter a Protective Order Prohibiting Further Subpoenas
       Directed to SAP.

Pursuant to Federal Rule of Civil Procedure 26, the "court may, for good cause, issue an

order to protect a party or person from annoyance, embarrassment, oppression, or undue burden

or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A).

As described above, *supra* Part IV.C, compliance with the Subpoena would subject SAP to

undue burden and expense. Further, there are no relevant documents in SAP's possession that

13

are not in the possession of either of the Arbitration Parties, and there is no temporal scope limiting the requests. Accordingly, the Court should enter a Protective Order forbidding additional subpoenas from either of the Arbitration Parties or the arbitrator directed to SAP.

G.    The Court Should Require Gorilla to Pay SAP's Reasonable Attorney's Fees.

Pursuant to Federal Rule of Civil Procedure 45, a court must "impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to" take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1); *see also Spring Pharm., LLC v. Retrophin, Inc.*, No. 18-cv-04553, 2019 U.S. Dist. LEXIS 133316, at *22 (E.D. Pa. Aug. 7, 2019) (granting "movant's request for reasonable attorney's fees" because the subpoenaing party failed to "take reasonable steps to avoid imposing an undue burden on a third party"). Here, Insight agreed to SAP's reasonable proposal, but Gorilla instead rejected SAP's offer to accept Gorilla's own initial proposal. Accordingly, Gorilla failed to take reasonable steps to avoid imposing an undue burden or expense on SAP in complying with the Subpoenas. *See supra* Section II. Accordingly, the Court should require Gorilla to reimburse SAP for its reasonable attorney's fees as an appropriate sanction.

H.    If the Court Does Not Grant SAP's Motion to Quash in its Entirety, the Court Should Require the Arbitration Parties to Bear the Cost and Expense of Compliance.

The Third Circuit and this Court have held that Rule 45 "imposes mandatory fee shifting and directs the court to 'protect' a nonparty from 'significant expense resulting from inspection and copying commanded.' Thus, district courts must determine whether the subpoena imposes expenses on a non-party and whether those expenses are significant." *R.J. Reynolds Tobacco v. Philip Morris, Inc.*, 29 Fed. App'x. 880, 882–83 (3d Cir. 2002); *see also In re Auto. Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482, 496 (E.D. Pa. 2005) (ordering a nonparty to comply with

14

the subpoena conditioned on the subpoenaing party's reasonable reimbursement for the nonparty's production and copying costs).  Further, this Court has held that "[a] nonparty's legal fees, especially where the work benefits the requesting party, have been considered a cost of compliance reimbursable.  This is because nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party."  *In re Auto  Refinishing Paint Antitrust Litig.*, 229 F.R.D. at 496  (internal citations and quotation marks omitted).  This holds even more true in a private arbitration.

SAP's compliance with the Subpoenas and/or Subpoena Order, in their current form or in a modified form, will impose a significant expense on non-party SAP.  Currently, the Subpoenas contain eight (8) and nine (9) broad document requests, the majority of which request "All documents and communications." *See* Exhs. __ and _ _.  The Arbitration Parties have yet to define a finite list of custodians and have failed to limit the temporal scope of the document requests.  Between the unknown number of potential SAP custodians and the incredibly broad document requests, compliance with the Subpoenas will subject SAP to a significant expense.  Accordingly, pursuant to Rule 45, if the Court does not grant SAP's Motion in its entirety, the Court should require the Arbitration Parties to bear the cost and expense of non-party SAP's compliance with the Subpoenas and/or Subpoena Order.

## V.     CONCLUSION

Therefore, for the reasons stated above, movant SAP respectfully requests that the Court issue an Order Granting SAP's Motion to Quash the Subpoenas and Subpoena Order directed to SAP, entering a Protective Order prohibiting the Arbitration Parties from serving additional subpoenas on SAP, and requiring the Arbitration Parties to pay SAP's reasonable attorney's fees in responding to the Subpoenas and/or Subpoena Order and for filing this Motion.  In the

alternative, should the Court not grant SAP's Motion in its entirety, SAP respectfully requests an

Order substantially modifying and narrowing the Subpoenas and Subpoena Order, and further

requiring the Arbitration Parties to bear the expense and cost of compliance.

December 16, 2019                              Respectfully submitted,


                                              DUANE MORRIS LLP


                                              Patrick J. Loftus (60417)
                                              A.J. Rudowitz (324201)
                                              30 South 17th Street
                                              Philadelphia, PA  19103-4196
                                              Telephone: +1 215 979 1000
                                              Fax: +1 215 979 1020
                                              *Attorneys for Movant SAP America, Inc.*

16

## CERTIFICATE OF SERVICE

I certify, on this 16th day of December 2019, that a true copy of SAP's Motion to Quash, the memorandum in support thereof, and the exhibits thereto, were caused to be served on counsel for Respondents Insight Direct USA, Inc., and Gorilla, Inc., by email and Federal Express as follows:

Chirag H. Patel, Esq.
Gordon Rees Scully Mansukhani
One North Franklin, Suite 800
Chicago, IL 60606
cpatel@grsm.com
*Attorneys for Respondent Gorilla, Inc.*

-and-

William Weltman, Esq.
Reed Smith
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
WWeltman@reedsmith.com
*Attorneys for Respondent Insight Direct USA, Inc.*

Andrew J. Rudowitz